IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VASQUEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>JIM AARTMAN, INC., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-02-5624 AWI LJO<br><br>**ORDER DIRECTING PARTIES AND COUNSEL TO FILE FURTHER BRIEFING ON MOTION (Doc 106) AND VACATING HEARING** |

By notice filed on June 3, 2005, Plaintiffs Jorge Vasquez and Ruben Hernandez move for Findings and Recommendations that this Court does not have jurisdiction over a "Notice of Claim of Lien" filed by Green & Azevedo on April 13, 2005.

The Court requires further briefing of the issues. In particular, the parties rely upon a state law procedure. Plaintiffs rely upon *Carroll v. Interstate Brads corp*, 99 Cal.App.4th 1168 (2002) which held that a "lien" filed by a former attorney cannot be enforced in the underlying action and is a "superfluous document." The attorney must bring a separate action to enforce the lien.

The parties, however, are before this Court on federal question jurisdiction. 28 U.S.C. §1331 and 29 U.S.C. §201 et seq. Neither the moving papers nor the opposition address federal law. Supplemental jurisdiction arises under 28 U.S.C. § 1367. That section vests jurisdiction in district courts having original jurisdiction of an action "over all other claims that are so related to claims in the action within

1

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). The Ninth Circuit has stated, in dicta, that a federal court will have jurisdiction to enforce a lien ancillary to a case properly before it. *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th 2004). Federal courts may exercise ancillary jurisdiction to adjudicate fee disputes between litigants and their attorneys that are collateral to (or arising out of) issues in the underlying action: "(D)etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction."*Federal Sav. & Loan Ins. Corp. v. Ferrante,* 364 F3d 1037, 1041 (9th Cir. 2004) (internal quotes omitted). The Ninth Circuit ultimately held that the district court lacked ancillary enforcement jurisdiction over the suit brought to enforce a promissory note for attorney's fees that was entered after judgments were entered in underlying litigation and <u>that was wholly unrelated to the underlying actions</u>. Nonetheless, the court noted that the jurisdiction would exist if faced with facts that, coincidently, are currently before this Court in the instant motion: "Had [the law firm] attempted to assert its attorney liens for services performed in connection with a particular action, it might have successfully invoked ancillary jurisdiction." *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d at 1041. "[D]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction." *Id.* The Ninth Circuit relied upon *Jenkins v. Weinshienk,* 670 F.2d 915 (10th Cir.1982)*. See also*, *Iowa v. Union Asphalt & Roadoils, Inc.,* 409 F.2d 1239, 1243-44 (8th Cir.1969) (after attorneys had been granted leave to withdraw, court had ancillary jurisdiction to adjudicate attorneys' claim for fees); *American Fed'n of Tobacco--Growers v. Allen,* 186 F.2d 590, 592 (4th Cir.1951) (per curiam) (after settlement of antitrust action, court had ancillary jurisdiction to resolve dispute among attorneys over distribution of fees).

Here, the motion is a motion <u>by the party plaintiffs</u>, Jorge Vasquez and Ruben Hernandez, to determine that this Court does not have jurisdiction to adjudicate a lien for attorney fees <u>by their former attorneys</u>.

/////

/////

1    The parties are to address their positions as to this Court's jurisdiction based on <u>federal</u> authority or explain why they contend state procedure is controlling. The parties shall file their briefs no later than July 22, 2005.

    The Hearing set for July 15, 2005 is VACATED. The Court intends to take the motion under submission, and will schedule oral argument should the Court require further argument on the issues. IT IS SO ORDERED.

**Dated:    July 12, 2005**                               /s/ Lawrence J. O'Neill
b9ed48                                                                UNITED STATES MAGISTRATE JUDGE