IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE VASQUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>JIM AARTMAN, INC., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-02-5624 AWI LJO<br><br>**ORDER ON PLAINTIFFS' MOTION FOR FINDINGS AND RECOMMENDATIONS ON THE COURT'S JURISDICTION OVER THE NOTICE OF CLAIM OF LIEN** (Doc 106) |

By notice filed on June 3, 2005, Plaintiffs Jorge Vasquez and Ruben Hernandez move for Findings and Recommendations that this Court does not have jurisdiction over a "Notice of Claim of Lien" filed by Green & Azevedo on April 13, 2005. Lien claimant Green & Azevedo filed a response to the motion on July 1, 2005. Plaintiffs filed a reply brief on July 8, 2005. By order on July 13, the Court directed the parties to file supplemental briefs to address their positions as to this Court's jurisdiction based on federal authority or explain why they contended state procedure is controlling. Plaintiffs filed their supplemental brief on July 22, 2005. Green & Azevedo also filed its supplemental brief on July 22, 2005. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument. Having considered the moving, opposition, reply papers, and the supplemental papers, as well as the Court's file, the Court issues the following order.

/////

/////

**FACTUAL AND PROCEDURAL BACKGROUND**

These are two of the trucker overtime cases, which have been consolidated. The cases has been certified for class actions and the parties have settled. The Court preliminarily approved the settlement on April 18, 2005, and the District Court Judge, Hon. Anthony W. Ishii, adopted the approval on April 22, 2005. The final Fairness Hearing is set for September 1, 2005. In terms of monetary settlement, the settlement is that Aartman will pay a total of $375,000 for both classes:

(1) less payment of attorney fees of, at most, $112,500.00 plus actual costs.

(2) $10,000 to each Jorge Vasquez and Ruben Hernandez, class representatives.

The issue is the attorneys' fees. Attorney Jerry Budin was formerly a member of the law firm of Green & Azevedo. On April 13, 2005, Green & Azevedo filed a Notice of Claim of Lien for Legal Services. The Court's findings and recommendations on the preliminary approval of the class settlement stated:

> "The matter of the NOTICE OF CLAIM OF LIEN FOR LEGAL SERVICES PROVIDED filed herein in April 13, 2005(Doc.97) has not been determined and will be adjudicated in a separate motion or proceeding." (Doc. 100, F&Rs, p.6:10-13.)

Thus, the Court was aware that the lien would require adjudication.

**ANALYSIS & DISCUSSION**

**The Court's Authority**

Supplemental jurisdiction arises under 28 U.S.C. § 1367. That section vests jurisdiction in district courts having original jurisdiction of an action "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). Recently the Supreme Court has reaffirmed the federal court's "inherent power to enforce its judgments," and noted that it has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments--including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock v. Thomas,* 516 U.S. 349, 356, 116 S.Ct. 862 (1996). But this power is limited to efforts to enforce the federal court's judgment in a case over

which it has jurisdiction, and it does not extend to new lawsuits filed to impose related liabilities on others. *Id.* at 356-59, 116 S.Ct. 862.

This case is before the Court on federal question jurisdiction. 28 U.S.C. §1331 and 29 U.S.C. §201 et seq. In supplemental briefing, plaintiffs acknowledge that this Court may exercise supplemental/ancillary jurisdiction over a fee dispute between a party and his/her attorney governed by state law. Plaintiffs ask that jurisdiction not be exercised due to the substantial state law issue.

The Ninth Circuit has asserted ancillary jurisdiction for "two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1039 -1040 (9th Cir. 2004); *Grimes v. Chrysler Motors Corp.,* 565 F.2d 841, 843-44 (2d Cir.1977) (per curiam) (on motion of attorney to deposit settlement proceeds in court registry, court had ancillary jurisdiction to supervise distribution, including resolving disputes among attorneys claiming fees); *Iowa v. Union Asphalt & Roadoils, Inc.,* 409 F.2d 1239, 1243-44 (8th Cir.1969) (after attorneys had been granted leave to withdraw, court had ancillary jurisdiction to adjudicate attorneys' claim for fees); *American Fed'n of Tobacco--Growers v. Allen,* 186 F.2d 590, 592 (4th Cir.1951) (per curiam) (after settlement of antitrust action, court had ancillary jurisdiction to resolve dispute among attorneys over distribution of fees).

This Court has jurisdiction of the action brought against Jim Aartman, Inc. The law firm of Green & Azevedo originally represented plaintiffs in the action. By its lien, it seeks to assert its claim for attorneys' fees for its representation of plaintiffs in this action. Its claim is based on its contract with plaintiffs for legal representation directly for this case.

Significantly, as part of the preliminary and final approval of this settlement, the Court is asked to approve payment of an amount of attorneys' fees payable to class counsel. The lien is directly related to the work done in this particular litigation and for which the Court is being asked to approve the specific amount requested in the settlement. Thus, it is not difficult to find that the claims are interdependent and goes directly to an item of settlement approved in this Court's order.

The Ninth Circuit has stated, in dicta, that a federal court will have jurisdiction to enforce a lien ancillary to a case properly before it. *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th 2004). Federal courts may exercise ancillary jurisdiction to adjudicate fee disputes between litigants and their attorneys that are collateral to (or arising out of) issues in the underlying action: "(D)etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction."*Federal Sav. & Loan Ins. Corp. v. Ferrante,* 364 F3d 1037, 1041 (9th Cir. 2004) (internal quotes omitted). The Ninth Circuit ultimately held that the district court lacked ancillary enforcement jurisdiction over the suit brought to enforce a promissory note for attorney's fees that was entered after judgments were entered in underlying litigation and that was wholly unrelated to the underlying actions. Nonetheless, the court noted that the jurisdiction would exist if faced with facts that, coincidently, are currently before this Court in the instant motion: "Had [the law firm] attempted to assert its attorney liens for services performed in connection with a particular action, it might have successfully invoked ancillary jurisdiction." *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d at 1041.

Plaintiffs argue that the applicable language is dicta and indicates that jurisdiction might be proper, but the case did not find that jurisdiction was proper. While the language is dicta, there is sufficient statutory and case authority to hold that his Court has jurisdiction over the Notice of Lien.

**Judge Ishii's Order in *Martin v. Pan Pacific***

A finding of jurisdiction is consistent with AWI's recent order in a similar case.

In a related case, *Martin v. Pan Pacific*, CV-F-03-5746 AWI LJO, also approving a class and collective action settlement with substantially similar claims, Green & Azevedo moved to amend the judgment to reflect that Green & Azevedo was "class counsel." The court had previously entered judgment and awarded attorneys fees and costs "in the total sum of $212,500.00 to class counsel, Jerry Budin" (January 3, 2005 Judgment, p.2:6-8) (emphasis added.) Green & Azevedo sought to amend the judgment to change the class counsel to "Green & Azevedo." Plaintiffs, represented by Jerry Budin, opposed the motion on the grounds, in part, that the court lacked jurisdiction to resolve the attorney/class counsel dispute. Judge Ishii addressed the jurisdictional issue as follows:

/////

> "No Article III case or controversy is needed with regard to a determination of attorneys' fees because they are an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir.1999). One risk in class action settlements is that class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee. *Staton v. Boeing Co.*, 313 F.3d 447, 473-74 (9th Cir. 2002); *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1327-29 & n. 20 (9th Cir. 1999). In response to this concern, Rule 23(e) of the Federal Rules of Civil Procedure requires judicial oversight of class action settlements. District judges must review both the fairness of the settlement and the reasonableness of the attorney's fee. *Zucker*, 192 F.3d at 1328 & n. 20. A federal court may consider collateral issues, such as legal fees, after an action is no longer pending under the concept of ancillary jurisdiction. *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1040 (9th Cir. 2004)." (Judge Ishii's July 8, 2005 Order, Doc. 65, p.4.)

Judge Ishii found that collateral issues involving legal fees are within the court's jurisdiction. Further, Judge Ishii noted that one particular case was similar on the facts:

> "A similar issue to the one between Mr. Budin and Green and Azevedo was presented to the court in *Keeling v. Gronick, Moskovitz, Tiedemann & Girard*, 2000 WL 708945 (D.Md. 2000). In *Keeling*, the attorney who brought a class action to the law firm sued the firm for failure to reasonably compensate him for the work performed on the case. The defendant law firm removed the case to the federal court that had overseen the multi-district litigation class action settlement. The individual attorney in Keeling argued that the matter involved an internal firm dispute which was outside the court's subject matter jurisdiction. The court found that because it had jurisdiction to resolve the class action, it had jurisdiction ancillary to that original jurisdiction.
>
>> "'[W]hen a dispute among different lawyers on account of the class fees I awarded arose, I must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of my order approving fair and reasonable fees in the first instance.'" (Judge Ishii's July 8, 2005 Order, Doc. 65, p.4.)

Judge Ishii then analyzed the facts in the *Martin v. Pan Pacific* case before him with the *Keeling* case.

> "In this case, as in *Keeling*, the parties provided for continuing jurisdiction in their settlement agreement. The parties' Joint Stipulation provides:
>
>> "'All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement agreement have been fully carried out.'
>
> "Joint Stipulation, Doc. 39, Exh. A at ¶13. In this action, Mr. Budin claims that he alone is class counsel and therefore, solely entitled to the attorneys' fees awarded in this case. This court approved the award to "Class Counsel" and thus, the dispute goes directly to this court's orders and judgment. This court has the authority and a duty to review and approve the fairness of the attorneys' fees. Thus, this court has authority to resolve Green and Azevedo's motion." (Judge Ishii's July 8, 2005 Order, Doc. 65, p.4-5.)

Accordingly, Judge Ishii held that the Court had jurisdiction to resolve the particular motion before it.

In the instant case, the Settlement Agreement provides for the Court to approve the amount properly payable as attorneys' fees and costs:

> "19. <u>Final Settlement Approval Hearing and Entry of Final Judgment.</u> Upon expiration of the Objection/Exclusion Deadline Date, with the District Court's permission, *a Settlement Hearing shall be conducted to determine final approval of the Settlement along with the amount properly payable for (I) attorneys' fees and costs*, (ii) Incentive Awards, and (iii) cost of administration. Upon final approval of the Settlement by the District Court at or after the Settlement Hearing, the Parties shall present a Final Judgment ("Final Judgment") to the District Court for its approval. After entry of the Final Judgment, the District Court shall have continuing jurisdiction solely for purposes of addressing: (I) settlement administration matters and (ii) such post-Final Judgment matters as may be appropriate under court rules or as set forth in this Agreement." (Doc. 100, Exh. A, ¶19) (Emphasis added.)

The parties' Settlement Agreement also includes a comprehensive provision for continuing jurisdiction of this Court.

> "36. <u>Jurisdiction of the Court</u>. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement *and all orders and judgments entered in connection therewith*, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement *and all orders and judgments entered in connection therewith*." (Doc. 100, Exh. A, ¶36) (Emphasis added.)

Like the matter before Judge Ishii, the parties have provided for the continuing jurisdiction of this Court for matters connected with the settlement. For all the reasons discussed above, this Court has jurisdiction over the Notice of Lien.

**The *Carroll* Case**

Plaintiff's position is that a separate suit is required to resolve competing claimants as to amounts approved by this Court. Plaintiffs rely on *Carroll v. Interstate Brands Corp.*, 99 Cal.App.4th 1168, 1173, 121 Cal.Rptr.2d 532, 536 (2002). In *Carroll,* the issue was whether the trial court that rendered the judgment in which an attorney's lien was asserted had jurisdiction to determine whether the lien was valid and, if not, to expunge it. The *Carroll* court held that the trial court did not have jurisdiction because the attorney asserting the lien was not a party to the action. 99 Cal.App.4th at 1173-1174, 121 Cal.Rptr.2d 532. The court held that where an attorney with a contractual lien on the client's recovery is discharged or withdraws prematurely from the action, the attorney must file an *independent action* against the former client to establish the existence of the lien, to determine the amount of the lien, and

to enforce it. *Carroll v. Interstate Brands Corp.*, 99 Cal.App.4th at 1173, 121 Cal.Rptr.2d at 536.

Plaintiffs' position is that this Court should approve the settlement and the allow the parties to separately litigate the fees. Plaintiffs ask that this Court issue an order of fee approval which would foster more litigation. The issue of the award of attorneys fees is squarely before this Court. Moreover, this Court is fully familiar with the facts and legal issues of this case as well as the facts and legal issues of the related cases.

**California Arbitration of Fee Disputes**

In plaintiffs' supplemental brief, plaintiffs argue that their rights under California's Mandatory Fee Arbitration statute will be lost should this Court determine the issue of attorneys fees.

California's Mandatory Fee Arbitration statutes establish a system and procedure for the resolution of fee disputes between attorneys and their clients. Cal.Bus. & Prof.Code § 6200 *et seq.* The statutes allow a client to elect mandatory arbitration to resolve a fee dispute. Cal.Bus. & Prof.Code §§ 6200(c), 6201; *Meis and Waite v. Parr*, 654 F.Supp. 867, 868 (N.D.Cal.,1987). *See generally Aguilar v. Lerner*, 32 Cal.4th 974, 983 (2004). Specifically, if there is an attorney-client fee dispute, the client has a statutory right to elect arbitration to resolve the fee dispute, which then becomes mandatory for the attorney. Cal. Bus. & Prof.Code §§ 6200(b), 6200(c), 6201; *see also Meis and Waite,* 654 F.Supp. at 868. The policy purpose for these statutes is to "alleviate 'the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective inexpensive remedy to a client which does not necessitate the hiring of a second attorney.' " *Meis and Waite*, 654 F.Supp. at 868 (quoting *Manatt, Phelps, Rothenberg & Tunney v. Lawrence,* 151 Cal.App.3d 1165, 1175, 199 Cal.Rptr. 246 (Cal.App.2d Dist.1984)).

It is doubtful that the policy behind the Mandatory Fee Arbitration statute is impaired by the exercise of the Court's jurisdiction. The parties and counsel are before this Court for resolution of the underlying case. Resolution of the lien before this Court is more efficient than the proposed separate lawsuit suggested by counsel.

Nonetheless, the Mandatory Fee Arbitration statutes contains several exceptions, one of which is applicable:

"(b) This article shall not apply to any of the following:

. . .

(3) Disputes where the fee or cost to be paid by the client or on his or her behalf has been determined pursuant to statute or court order.

West's Ann.Cal.Bus. & Prof.Code § 6200 (b)(3).

Here, this Court has preliminarily approved payment of attorneys' fees on behalf of plaintiffs in the amount of $112,500.00 plus actual costs. Thus, the Court has preliminarily determined that an appropriate payment for attorneys fees, from the settlement fund, is $112,500.00. Having determined that the clients' responsibility is to pay that amount, albeit from the settlement fund, the Court is now faced with a lien among competing claimants as to who is entitled to what amount from the attorneys' fees approved by the court. The dispute does not involve how much <u>the client</u> has <u>to pay</u> the attorney.

The Court finds that the potential resolution of the claim of lien does not invoke the California's Mandatory Arbitration Fee Act because this Court has preliminarily approved "the fee or cost to be paid by the client or on his or her behalf."

## **CONCLUSION**

For all the foregoing reasons, the motion by Plaintiffs Jorge Vasquez and Ruben Hernandez for Findings and Recommendations that this Court does not have jurisdiction over a "Notice of Claim of Lien" filed by Green & Azevedo is DENIED.

IT IS SO ORDERED.

**Dated:   August 1, 2005**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                                UNITED STATES MAGISTRATE JUDGE