# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORGE VASQUEZ, et al., | ) | CIV F-02-5624 AWI LJO |
| Plaintiffs, | ) | CIV F-03-5600 AWI LJO |
| v. | ) | |
| JIM AARTMAN, Inc., | ) | ORDER DENYING OBJECTIONS |
| Defendant. | ) | (Document #19) |

    This is one of several actions concerning overtime wages filed by attorney Jerry Budin while working for the law firm Green & Azevedo. Mr. Budin has since left Green & Azevedo. Numerous motions have been filed in this and other actions concerning who currently is and who previously was the clients' attorney.

    In this action, the court has preliminarily approved a settlement that allows for $112,500.00 in attorney's fees. The court's preliminary approval of the class settlement indicated that the issue of what portion of the attorney's fees would go to Mr. Budin and Green & Azevedo needed to be addressed. On April 13, 2005, Green & Azevedo filed a Notice of Claim of Lien for Legal Services. On June 3, 2005, Plaintiffs requested the Magistrate Judge enter Findings and Recommendations finding the court did not have jurisdiction over the lien. After considerable briefing, on August 1, 2005, Magistrate Judge Lawrence J. O'Neill found that the court could exercise jurisdiction to determine who the $112,500.00 in attorney fees belonged to. Magistrate Judge O'Neill then denied Plaintiffs request for Findings and Recommendations that the court lacked jurisdiction over the lien. On August 18, 2005 and August 19, 2005, Plaintiffs

filed objections to Magistrate Judge O'Neill's order.

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days.  In this court, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration."  See Local Rule 72-303.  While Defendants did not file a request for reconsideration, in the interests of justice the court will review Defendants' objections under Local Rule 72-303.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law"

standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Preliminarily, the court notes that Plaintiffs' objections were filed late. Rule 72(a) requires objections to a Magistrate Judge's order be filed within ten days. Over ten court days passed between the Magistrate Judge's August 2, 2005 order and Plaintiffs' filing their objections on August 17, 2005 and August 18, 2005. Thus, Plaintiffs' objections can be denied without even addressing Plaintiffs' arguments.

Regardless, the Magistrate Judge did not commit clear error in finding that the court had jurisdiction over Green & Azevedo's lien on any court approved attorney's fees. Plaintiffs' objections were already considered and properly rejected by the Magistrate Judge. No Article III case or controversy is needed with regard to a determination of attorneys' fees because they are an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot. Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir.1999). A federal court may consider collateral issues, such as legal fees, even after an action is no longer pending under the concept of ancillary jurisdiction. Federal Sav. and Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1040 (9th Cir. 2004). Thus, the court does have jurisdiction to decide what attorneys are entitled to which portions of any attorney's fees ordered by this court.

Accordingly, Plaintiffs' objections are DENIED.

IT IS SO ORDERED.

**Dated:  September 5, 2005**              /s/ **Anthony W. Ishii**
0m8i78                                     UNITED STATES DISTRICT JUDGE

3